# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ISIDRO VILLANUEVA,

    *Petitioner*,

vs.

DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

    *Respondents.*

3:10-cv-00225-LRH-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motions (## 13 & 16)[1] to dismiss, which seek dismissal of the petition as a mixed petition for lack of complete exhaustion as to all claims.

*Background*

Petitioner Isidro Villanueva seeks to challenge his 2005 Nevada state conviction, pursuant to a guilty plea, of lewdness with a child under the age of fourteen years.

Petitioner did not file a direct appeal, but he did file a timely state post-conviction petition. The state district court determined that petitioner had been deprived of his right to a direct appeal. The district court accordingly allowed petitioner to pursue his direct appeal claims in a state post-conviction petition, with appointed counsel, brought pursuant to *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994). Under *Lozada*, a Nevada state petitioner who has been unconstitutionally denied a direct appeal

---

[1] What appears to be the same motion to dismiss has been filed or docketed twice.

may pursue a counseled state post-conviction petition raising all direct appeal claims that would have been available on a timely direct appeal, which then are considered *de novo* by the Supreme Court of Nevada on the *Lozada* petition appeal.

Following the state district court's consideration of the *Lozada* petition, petitioner, through counsel, filed an appeal to the Supreme Court of Nevada. This *Lozada* petition appeal constitutes the only time that claims were presented to the Supreme Court of Nevada, whether properly or otherwise.

Following the *Lozada* petition appeal and prior to seeking federal habeas relief, petitioner did not file a state post-conviction petition seeking to present any claims of ineffective assistance of *Lozada* counsel or other claims of ineffective assistance of counsel in prior proceedings.

### *Governing Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

////

////

*Ground 1*

In Ground 1, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments, and "is actually innocent based upon the deprivation of effective assistance of counsel." He alleges that he was denied effective assistance of counsel when trial counsel failed to object to the imposition of a special sentence of lifetime supervision, failed to recommend an appeal as to the constitutionality of the special sentence of lifetime supervision, and failed to challenge the constitutionality of the statutes authorizing a special sentence of lifetime supervision as violating a constitutional right to travel. He further alleges that his guilty plea was not knowing and voluntarily entered due to ineffective assistance of trial counsel because he had advised his attorney that he had witnesses who would testify that he did not inappropriately touch the victim and that the accusations were part of a plot but counsel failed to investigate these witnesses.

No such claims, *i.e.,* that petitioner was deprived of effective assistance of trial counsel or that the guilty plea was not knowing and voluntary due to ineffective assistance of trial counsel, were presented to or considered by the Supreme Court of Nevada on the *Lozada* petition appeal.[2]

Petitioner does not present any argument specific to Ground 1 that would establish that the claims therein were fairly presented to the Supreme Court of Nevada.

Petitioner instead urges that the Court has chosen to treat respondents' motion to dismiss as a motion for summary judgment because it issued a *Klingele* notice order, that a procedural default can be excused upon a showing of actual innocence, and that he has presented affidavits allegedly establishing his actual innocence that preclude entry of summary judgment.

Petitioner's argument is meritless with regard to the exhaustion issue before the Court.

First, the Court's issuance of a form *Klingele* notice order advising a *pro se* litigant of the requirements for opposing a motion to dismiss and/or motion for summary judgment, as applicable, does not constitute an election by the Court to treat a motion to dismiss instead as a motion for summary judgment. Respondents filed a motion to dismiss. The *Klingele* notice, as applicable to this case, thus merely informed petitioner of the need to respond to the motion to dismiss, as such.

---

[2] See #14, Exhs. 6 & 7.

Second, the issue on the motion to dismiss is lack of exhaustion, not procedural default. Regardless of whether or not a petitioner claims actual innocence, he first must exhaust all claims that he seeks to present on federal habeas review in the state courts, through to the Supreme Court of Nevada. Petitioner did not so here.

Third, accordingly, petitioner's effort to establish actual innocence has nothing to do with the requirement that he first exhaust state judicial remedies.

Given that petitioner has failed to provide any specific argument seeking to establish that Ground 1 was fairly presented to the Supreme Court of Nevada if his generalized arguments fail, he has consented to the grant of respondents' motion as to Ground 1 pursuant to Local Rule LR 7-2(d).[3]

The Court accordingly holds that Ground 1 is not exhausted.

***Ground 2***

In Ground 2, petitioner alleges that he was denied rights to due process and a fair trial under the Sixth and Fourteenth Amendments because: (a) criminal defense counsel was ineffective in that he did not file a direct appeal after being requested by petitioner to challenge the constitutionality of the statute requiring that he register as a sex offender; and (b) the *Lozada* remedy is inadequate as a matter of law as applied by the Supreme Court of Nevada.

In the motion to dismiss, respondents contend that the portion of Ground 2 identified as part (a) above is not exhausted. The claim in Ground 2(a) was not presented on the *Lozada* petition appeal. In his opposition, petitioner states that he "accepts his opponents [sic] admission of error of a constitutional magnitude."[4] Over and above the fact that respondents conceded no such constitutional error, petitioner's nonresponsive statement operates as a failure to address the exhaustion issue raised by the motion to dismiss. He thus has consented to the grant of respondents' motion as to Ground 2(a) pursuant to Local Rule LR 7-2(d).

The Court accordingly holds that Ground 2(a) is not exhausted.

---

[3] *See, e.g., Wrzesinksi v. Wells Fargo Bank, N.A.*, 2011 WL 2413843, at *1 (D. Nev. June 10, 2011); *Harvey v. Washington Mutual Bank, F.A.*, 2011 WL 2415189, at *1 (D. Nev., June 10, 2011); *Flynn v. Liner Grode Stein, etc.*, 2010 WL 4121886, at *7 (D. Nev., Oct. 15, 2010).

[4] #18, at electronic docketing page 3.

-4-

*Ground 3*

In Ground 3, petitioner alleges that he was denied rights to due process and a fair trial under the Sixth and Fourteenth Amendments because: (a) Nevada's sexual offender lifetime supervision statute is unconstitutional under the Sixth and Fourteenth Amendments; and (b) he was denied effective assistance of counsel when counsel failed to perfect a direct appeal claiming: (1) that he is actually innocent because the victim made up the allegations; (2) that the lifetime supervision statute is unconstitutional; and (3) that the imposition of a special sentence of lifetime supervision without a jury determination violated his right to a jury trial under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and following cases.

With regard to the substantive claim in Ground 3(a), the Supreme Court of Nevada held that the related claim presented to that court was not yet ripe for adjudication on the following grounds:

> . . . Villanueva contends that application of the lifetime supervision provisions under NRS 176.0931 is unconstitutional because it violates the Equal Protection Clause and the constitutional right to travel, and that application of the lifetime supervision and parole conditions under NRS 213.1243, NRS 213.1245, and NRS 213.1255 is unconstitutional because they infringe upon First Amendment rights. However, the specific conditions of lifetime supervision and conditions of parole will not be determined until after a hearing conducted just prior to parole or expiration of the term of imprisonment. We decline to speculate on the effects of conditions not yet defined or that may never materialize, see NRS 213.1243(9); NRS 213.1245(3); NRS 213.1255(4).

#14, Ex. 7, at 2-3.

Presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). The claims that petitioner presented to the Supreme Court of Nevada were not yet ripe for adjudication on the merits, and therefore were not fairly presented for purposes of the exhaustion doctrine. This of course means, however, that these particular claims would not appear to have accrued as yet for purposes of the federal limitation period. *Cf.* 28 U.S.C. § 2244(d)(1)(D)( delayed accrual as to claims as to which the factual predicate for same could not have been discovered previously through the exercise of reasonable diligence).

Ground 3(a) therefore is not exhausted.

1   With regard to the claims of ineffective assistance of counsel in Ground 3(b), no such claims
2   were presented to the Supreme Court of Nevada on the *Lozada* petition appeal. In his opposition
3   memorandum, petitioner refers to materials such as the pro se state post-conviction petition that he filed
4   in the state district court. In order to satisfy the exhaustion requirement, however, petitioner must
5   present the claims through to the Supreme Court of Nevada. That was not done here.[5] The claims of
6   ineffective assistance of counsel in Ground 3(b) were not included in the fast track statement filed in
7   the Supreme Court of Nevada on the *Lozada* petition appeal nor were they considered by that court.[6]
8   Ground 3(b) therefore also is not exhausted.
9   Accordingly, the petition is subject to dismissal as a mixed petition because Grounds 1, 2(a),
10  and 3 are not exhausted. The entire petition therefore must be dismissed without prejudice unless
11  petitioner dismisses the unexhausted claims and/or seeks other appropriate relief.
12  IT THEREFORE IS ORDERED that respondents' motions (## 13 & 16) to dismiss are
13  GRANTED, consistent with the remaining provisions set forth below. The Court holds that Grounds
14  1, 2(a), and 3(hereafter, the "unexhausted claims") are not exhausted.
15  IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order
16  within which to mail to the Clerk for filing a motion for dismissal without prejudice of the entire
17  petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief. The
18  entire petition will be dismissed without further advance notice if petitioner fails to do so timely.
19  DATED this 6th day of February, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[5] The Court makes no implicit determination that the claims in Ground 3 are the same as claims in the state post-conviction petition and any supplement thereto in the state district court.

[6] See #14, Exhs. 6 & 7.